IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL PAPER COMPANY, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 3:09-CV-347-WKW<br>) |
| QBE INSURANCE CORPORATION, *et al.*, | )<br>)<br>) |
| Defendants. | ) |

**<u>ORDER</u>**

Before the Court is Howard Griggs Trucking, Inc.'s ("Griggs") motion to intervene and motion to stay. (Doc # 41.) Upon careful consideration of counsel's arguments, the relevant law, and the record as a whole, the court finds that the motions are due to be denied.

**I. BACKGROUND**

Plaintiff International Paper Company, Inc. ("IP") brings this action for breach of contract and bad faith against Defendants QBE Insurance Company ("QBE") and Canal Insurance Company ("Canal") for failure to defend and indemnify IP in the underlying state tort action. (Am. Compl. (Doc. # 1, Attach. 37).) QBE removed this action from the Circuit Court of Macon County, Alabama on April 16, 2009, after it was severed from the state court action. (Doc. # 1.) Pending in state court is a claim by IP against Griggs for defense and indemnity pursuant to a Flatbed Motor Carrier Agreement and declaratory judgment actions by Griggs against QBE and Canal for defense and indemnity.

Subsequent to removal of the instant action, both QBE and IP filed cross motions for summary judgment. (Docs. # 21, 26.) These motions have been fully briefed and are ripe for adjudication.

On March 2, 2010, this case was consolidated with two other cases – 3:05-cv-1001 ("the 05 case") and 3:07-cv-206 ("the 07 case") – which involve common questions of law and fact. (Doc. # 40.) The 05 and 07 cases have been stayed pending resolution of the state court action. Shortly after consolidation, Griggs, who is a party to the 05 and 07 cases, filed the instant motion to intervene[1] and stay the lead case. (Doc. # 41.) For the following reasons, Griggs' motions are due to be denied.

## II. DISCUSSION

*1.   Intervention of Right*

Rule 24(a) of the Federal Rules of Civil Procedure requires a court to permit anyone who, on a timely motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

---

[1] During the hearing on the motions, counsel for Griggs indicated her mistaken belief that Griggs automatically became a party to the lead case pursuant to the consolidation order. *See Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933) (decided before the adoption of Rule 42) (stating that consolidation "does not does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another"); *Boardman Petroleum, Inc. v. Federated Mutual Ins. Co.*, 135 F.3d 750, 752 (11th Cir. 1998) (stating that "consolidation of cases under Fed. R. Civ. P. 42 does not strip the cases of their individual identities"). Any confusion on the part of Griggs should have been cleared up by the court's order giving Griggs two weeks to file a motion to intervene in the lead case. (Doc. # 40, n.3.)


As the sole basis for its motion to intervene, Griggs contends that, given IP's claim against Griggs in the state court, "there is a distinct possibility of a double recovery by IP." (Doc. # 41, ¶ 8.)  However, there is no indication that IP would seek, let alone receive, double recovery if this case were allowed to move forward.  IP itself characterizes Griggs' contention as "absurd" and states that it "is not seeking a double recovery and, of course, is not entitled to it."  (Doc. # 43, at 3.)  During the hearing on the motion to intervene, counsel for Griggs made the additional argument that a ruling on the motions pending in the instant action would affect Griggs' interests in the state case and the 05 and 07 federal cases.  However, because Griggs has failed to explain what that interest would be or *how* that interest would be affected, the court finds that Griggs has not shown that it "claims an interest relating to the property or transaction that is the subject of the action" or that "disposing of the action may as a practical matter impair or impede" its ability to protect any interest it might have.  Fed. R. Civ. P. 24(a)(2).

2. *Permissive Intervention*

Rule 24(b) allows intervention for those who have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). It is unclear what Griggs' claim or defense would be in the instant action, as Griggs has moved to intervene for the sole purpose of requesting a stay.  The rule makes no mention of intervening for this purpose,[2] and Griggs provides no authority for granting the motion on this basis.  As

---

[2] Rule 24(c) refers to pleadings, not motions. *See* Fed. R. Civ. P. 24(c) ("The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for

noted by the parties on various occasions – and despite the apparent procedural complexity of the instant matter – the issue before the court is a simple and narrow one: whether QBE or Canal owes indemnity and defense to IP.  As stated by IP, QBE, and Canal, a ruling on this issue will have no bearing on Griggs' interests in the underlying state action or the related federal actions.  Griggs' blanket statement that its interests somehow "might be affected" is insufficient to prolong this protracted litigation any further.

### III.  CONCLUSION

For the foregoing reasons, Griggs' motions to intervene and stay (Doc. # 41) are DENIED.[3]

DONE this 31st day of March, 2010.

                                      /s/ W.  Keith Watkins
                                UNITED STATES DISTRICT JUDGE

---

which intervention is sought.").

[3] It is the practice of this district for all parties in consolidated cases to receive electronic notice of filings in all consolidated cases, whether or not a particular party is a party to all the cases.